# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | Case No. 1:19 CR 317 |
| ) | | |
| Plaintiff, ) | | JUDGE SARA LIOI |
| ) | | |
| v. ) | | |
| ) | | **DEFENDANT'S SENTENCING** |
| LEIGHTON BOLTON ) | | **MEMORANDUM** |
| ) | | |
| Defendant. ) | | |

Now comes Defendant, Leighton Bolton, by and through undersigned counsel and respectfully requests this Honorable Court to consider a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §3553. In support, the attached Memorandum is filed for the Court's review and consideration.

        Respectfully submitted,

        */s/Alvaro L. DeCola*
        ALVARO L. DeCOLA,
        (Bar # OH 87656)
        Attorney for Defendant
        411 Wolf Ledges Pkwy., Ste. 400
        Akron, OH 44311
        (330) 598-1466
        (330) 762-1050 – fax
        AlvaroDeCola@gmail.com

**MEMORANDUM**

**I.     INTRODUCTION**

Mr. Leighton Bolton (hereinafter referred to as "Bolton") now appears for sentencing. According to the presentence report, his sentencing guideline range is ten to sixteen months based on a total offense level of 10, and a criminal history category of 3. This Memorandum details mitigation not included in the presentence report that supports a sentence within the sentencing guideline range. Bolton requests this Court to consider the facts of his offense, his personal history and characteristics, his family circumstances, his ongoing immigration matter, in conjunction with all the statutory sentencing factors codified at 18 U.S.C. § 3553(a). In consideration of such, Mr. Bolton is requesting a sentence of ten months.

**II.    PROCEDURAL BACKGROUND**

Mr. Bolton was indicted on May 22, 2019, charging him with one count for violation of 8 U.S.C. 1326, Illegal Reentry After Deportation. On July 18, 2019, Bolton pled guilty to the single count indictment without a plea agreement. His case was referred to the United States Pretrial Services and Probation Office for preparation of a Presentence Investigation and Report.

**III.   PRESENTENCE REPORT.**

Mr. Leighton Bolton (hereinafter referred to as "Bolton") had the opportunity to read and review the Presentence Report with undersigned counsel. He understood it, and there are no objections to the report.

**IV.    ACCEPTANCE OF RESPONSIBILITY**

In addition to entering a plea of guilty before this Court, Bolton also provided the Probation Officer with a written statement accepting responsibility for his offense. *See* PSR ¶ 9. In his statement, Bolton apologizes for returning to this country and expresses remorse for his actions. He briefly explains some of the circumstances that led him to return to the United States, which are further detailed in this Memorandum.

V.        SENTENCING GUIDELINES CALCULATION

Pursuant to the Presentence Investigation Report ("PSR"), the base offense level is eight (8), for a violation of 8 U.S.C. §1326. *PSR ¶11*. There is an adjustment for Specific Offense Characteristics whereby the offense level is increased by four (4). *¶12*. This makes an Adjusted Offense Level of twelve (12). *¶16*. Mr. Bolton has accepted responsibility, and therefore, pursuant to USSG §3E1.1(a), the offense level is reduced by two (2) points. *¶18*. As a result, the Total Offense Level is ten (10). *¶19*. There are no other adjustments in this matter.

According to the Criminal History Category computations in the PSR, Mr. Bolton has four (4) criminal history category points, corresponding to a Criminal History Category of III. *¶27*. As a result, based upon a total offense level of ten (10) and criminal history category of III, the guideline range of imprisonment is ten (10) to sixteen (16) months.

V.        LAW AND ARGUMENT

    A.  LAW

Pursuant to *United States v. Booker,* 543 U.S. 220 (2005), Federal Sentencing Guidelines are to be considered "effectively advisory", contrary to the virtual mandatory nature prior to that decision. *Id.* at 245. In fashioning an appropriate sentence, the District

3

Court cannot presume that the Guideline range is reasonable but rather the Court must also consider the factors enumerated in 18 U.S.C. 3553(a) to determine a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *United States v. Foreman,* 436 F.3c 638, 644 n.1 (6th Cir. 2006). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds of range of sentence under the Guidelines; (5) pertinent policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and (7) the need to provide restitution.

    B.  ARGUMENT

**Mr. Bolton's personal history and characteristics**

Bolton is 43-years old who was born and raised in Jamaica. He grew up in a family with financial difficulties and a father who was an alcoholic. The environment while growing up was such that it is an area that Defendant does not discuss much, even with his loved ones. As reflected in the PSR, at times, during his childhood, the family struggled with basic needs such as food and clothing. The area where Bolton grew up was ridden with violence and substance abuse.

With that background, Bolton decided to come to the United States in 1997 looking for a better future. Bolton was a DJ in his native Jamaica and brought his talent to the

4

United States, where he continued in that line of work for many years after arriving. Most recently, Bolton has started a personal catering business with the intention of saving sufficient money to open his own restaurant in the area of Cleveland, Ohio.

Bolton has six children of his own, and he has helped raised his stepchildren as his own, during the many years in the United States and the different relationships he was involved. He has children ranging from 1 month old, to 20 years old. Bolton considers himself a family man, and he takes pride in rearing and providing emotional support for his children. This counsel has received numerous letters from his children and step-children that will provide this Court with an insight as to the type of relationship Mr. Bolton has with his children, and the love and respect he has earned from them. Attached to the Memorandum as *Exhibit A*, this Court will find support letters from Kyrah Bolton, Leightesha Bolton, Leighton Bolton Jr., Deshaun Byrd, Kingston Bolton, Leighshon Bolton, Kyler Bagley, Demtrius Brown Jr., and Mekhi Brooks, biological children and stepchildren of Bolton. The common denominator in these letters, is the love, respect, and affection, these individuals feel for Bolton.

Likewise, as *Exhibit B*, there is a letter from Latasha Brooks, Mr. Bolton's fiancée and mother of his youngest child. Ms. Brooks is U.S. Navy Veteran and a Registered Nurse. She has known Mr. Bolton for over 14 years and her letter alone can serve as the most eloquent description of Bolton's personal history and characteristics. As she states in her letter, Bolton has earned the respect of his loved ones. "His children adore him. Not only is he a great man but he is [also] an awesome father. He not only supports his biological children, but he [also] has profoundly impacted his stepchildren's lives." *Id.*

5

Mr. Bolton is suffering from serious medical conditions as a result of a gunshot wound he sustained while been a victim of a robbery in the year 2000. As a result of the gunshot wound, Mr. Bolton had to undergo extensive surgery. After that surgery, and also as a consequence of this incident, Bolton developed severe blood clots that affect his lower extremities. In fact, his blood circulation is so affected that his right leg is pretty much double the size of his left one. He has to be on blood thinners for the rest of his life as a result of this incident. In the United States, Mr. Bolton has access to healthcare and medication to treat this condition, and others, such as pre-diabetes, hypertension, and urology related issues. While not a justification to coming back to the United States after deportation, one of the factors that heavily led Mr. Bolton to come back was the inability to access health care and medication in his home country. Once he was back in his home country, Bolton did not have the means to obtain the medication and treatment he required, and his health conditions started deteriorating. That fact, coupled with his desire to be close to his children, and the fact that Mr. Bolton was seeking immigration relief as a Victim of Crime in the United States, ill informed his decision to return to the United States.

Mr. Bolton is seeking a U-Visa, as a Victim of a Crime. Bolton has retained the services of Robert Brown Immigration Law to handle his immigration matter. *Exhibit C*. Mr. Bolton understands that this Court is only dealing with his Illegal Reentry case, and that his immigration matter will be handled and adjudicated in separate proceedings. Nevertheless, Mr. Bolton wants this Court to be aware of the fact that because he has this potential immigration relief, that was another factor he considered when deciding to return to the United States. While not a justification, this is a factor this Court can consider when imposing the sentence.

Mr. Bolton has had a history of substance abuse, in particular alcohol consumption. While he has stopped drinking alcohol in past couple of years, alcohol has been a problem in his life. Mr. Bolton has completed the 40-hour Men's Group Program while at CCA. *Exhibit D.*

This Honorable Court can consider the deportation hardship when imposing a reasonable sentence. The deportation will be a direct effect of his conviction. Bolton is not a U.S. citizen. As a result of this conviction, and absent any intervening decisions by the immigration authorities in the relief he is pursuing, Mr. Bolton will be deported back to his home country. The deportation in this case has also a severely punitive effect: Mr. Bolton will be permanently separated from his children, fiancée, friends and his loved ones, as well as any potential medical problems he may face for the lack of access to health care. He will be unable to reenter the United States to visit them, and will have to rebuild his life entirely in Jamaica. Mr. Bolton is not certain as to what the ultimate decision will be with respect to his fiancée and their child. Nevertheless, the deportation in Mr. Bolton's case will have a painful and life long effect on his life, and constitutes a significant punishment for his conduct.

Mr. Bolton has accepted responsibility for his conduct, and is deeply remorseful and embarrassed by this matter. But beyond anything, he is deeply sorry for the way this case has affected his family.

When evaluating the §3553 factors, Mr. Bolton respectfully requests this Court to consider his acceptance of responsibility, remorse, financial, medical and emotional hardship by virtue of his deportation.

VI. **CONCLUSION**

For the foregoing reasons, Mr. Leighton Bolton respectfully requests this Honorable Court consider all of the 18 U.S.C. §3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to comply with the sentencing statute.

Respectfully submitted,

*/s/Alvaro L. DeCola*
ALVARO L. DeCOLA,
(Bar # OH 87656)
Attorney for Defendant
411 Wolf Ledges Pkwy., Ste. 400
Akron, OH 44311
(330) 598-1466
(330) 762-1050 – fax
AlvaroDeCola@gmail.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant's Sentencing Memorandum was filed electronically this 4th day of November 2019. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Alvaro L. DeCola*
ALVARO L. DeCOLA,
(Bar # OH 87656)
Attorney for Defendant

8